IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:15-CV-00130-F

| | |
|---|---|
| GINGER H. BRYAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED PARCEL SERVICE )<br>GENERAL SERVICES CO., )<br>)<br>Defendant. ) | **ORDER** |

This matter is before the court on Defendant United Parcel Service General Services Co.'s ("UPS") Motion to Dismiss [DE-6]. The motion has been fully briefed and is ripe for disposition. For the reasons stated below, UPS's motion [DE-6] is ALLOWED.

## I. PROCEDURAL HISTORY

Plaintiff Ginger Bryan commenced this action by filing a complaint in the Superior Court of Lenoir County, North Carolina, on June 30, 2015. *Bryan v. United Parcel Serv. Gen. Servs. Co.*, Civil Action No. 15-CVS-676 (Lenoir Cty. Super. Court) [DE-1-6]. Defendant UPS removed the case to the United States District Court for the Eastern District of North Carolina on August 7, 2015. Notice of Removal [DE-1]. On August 14, 2015, UPS filed the instant Motion to Dismiss [DE-6]. After failing to respond to UPS's motion, Bryan was directed to file a response or face dismissal of the action for failure to prosecute. *See* Order of September 29, 2015 [DE-9]. Bryan filed her Response [DE-10] on October 13, 2015, and UPS replied [DE-11] on October 26, 2015.

## II. STANDARD OF REVIEW

"The district courts of the United States are courts of limited subject matter jurisdiction." *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005)). They are not courts of general jurisdiction, and possess only the jurisdiction authorized by the United States Constitution and by federal statute. *Id.*; *Brickwood Contractors, Inc. v. Datanet Engineering, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004) (en banc). When a federal court lacks subject matter jurisdiction, the case must be dismissed. *Vuyyuru*, 555 F.3d at 347; *United States v. Beasley*, 495 F.3d 142, 147 (4th Cir. 2007) ("subject matter jurisdiction concerns a court's very power to hear a case"); *Interstate Petroleum Corp. v. Morgan*, 249 F.3d 215, 219 (4th Cir. 2001) (en banc).

Prior to filing suit under Title VII, a plaintiff must exhaust his administrative remedies by filing a charge with the Equal Employment Opportunity Commission ("EEOC"). 42 U.S.C. § 2000e-5(f)(1). If the EEOC dismisses the charge, the plaintiff may then file suit in the proper United States District Court. *Id.* Plaintiffs must file a complaint in district court within ninety days of receiving notice of the EEOC's final decision. *Id.*

On a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a court must determine the legal sufficiency of the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In so doing, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the "'[f]actual allegations must be enough to raise a right to relief above the speculative level' and have 'enough facts to state a claim to relief that is plausible on its face.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555).

Moreover, although the court draws all reasonable factual inferences in a plaintiff's favor, the court is not obligated to accept a complaint's legal conclusions drawn from the facts. *Iqbal*, 556 U.S. at 678. Nor must the court accept as true "unwarranted inferences, unreasonable conclusions, or arguments." *Giarratano v. Johnson*, 521 F.3d 298, 301-02 (4th Cir. 2008) (quoting *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000)). "In deciding whether a complaint will survive a motion to dismiss, a court evaluates the complaint in its entirety, as well as documents attached or incorporated into the complaint." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011).

## III. DISCUSSION

UPS argues that Bryan's sex discrimination claim must be dismissed for lack of subject matter jurisdiction because she failed to file the action within ninety days of receiving the EEOC's notice that it would no longer process her discrimination charge. Mot. Dismiss [DE-6] at 2. Bryan claims to have filed within the prescribed ninety-day period, asserting that she filed suit on June 30, 2015, after having received the right to sue letter on April 4, 2015. *See* Resp. [DE-10] at 1. In fact, Bryan has filed two EEOC charges—one for sex discrimination and one for retaliation—and she appears to confuse them here. *See* EEOC Charge No. 430-2014-07198 [DE-1-1]; EEOC Charge No. 430-2015-00217 [DE-1-3]. The right to sue letter Bryan received on April 4, 2015, was in regard to her retaliation claim. *See* EEOC Dismissal and Notice of Rights [DE-1-4]. The EEOC appears to have terminated its inquiry into the sex discrimination claim, however, in October of 2014. *See* EEOC Letter [DE-1-2]. Accordingly, Bryan's complaint, filed approximately eight months later, is clearly untimely with regard to the sex discrimination claim.

UPS is incorrect, however, in its assertion that Bryan's untimely filing deprives the court of subject matter jurisdiction. It is clearly settled that exhaustion of administrative remedies is a

3

jurisdictional prerequisite for a Title VII suit. *Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300–01 (4th Cir. 2009). The time limitations prescribed by Title VII, however, are nonjurisdictional in nature, and subject to equitable tolling. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 398 (1982); *Hentosh v. Old Dominion Univ.*, 767 F.3d 413, 417 (4th Cir. 2014); *Jones*, 551 F.3d at 300 n.2. Here, no argument for equitable tolling has been presented. Accordingly, the court finds that, although it has jurisdiction to hear Bryan's sex discrimination claim, that claim is time-barred and should be dismissed.

Regardless of the timeliness issue, UPS also argues that Bryan's complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Mot. Dismiss [DE-6] at 4. Indeed, Bryan's complaint is threadbare. Regarding the sex discrimination claim, Bryan alleges that she was subject to discipline while her male co-workers engaged in the same behaviors without repercussions. She does not, however, indicate what behavior led to her discipline or when it occurred. Nor does she identify the male co-workers who escaped discipline or describe their conduct. Bryan also reports that, as the only female employee at the Kinston, North Carolina, UPS location, she feels "that she is being singled out with the intentions of terminating her employment . . . because she is female." Compl. [DE-1-6] at 2. However, Bryan offers no factual basis for this conclusory allegation. With regard to the retaliation claim, Bryan mentions the word "retaliation" only once, and provides no factual support at all. *See id.*

The assertions contained in Bryan's complaint appear to be limited to the type of "legal conclusion[s] couched as . . . factual allegation[s]" that *Twombly* cautions against. *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Therefore, the court finds that, even by the liberal standard applied to *pro se* pleadings, Bryan has failed to allege facts that "nudge[ ] [her]

4

claim[s] ... across the line from conceivable to plausible." *See id.* at 678. While it may be possible for her to provide sufficient factual detail to raise her claim beyond the merely speculative, Bryan has not yet done so here. Thus, those claims that are not time-barred must be dismissed for failure to state a claim.

## IV.   CONCLUSION

For the foregoing reasons, Defendant UPS's Motion to Dismiss [DE-6] is ALLOWED. Plaintiff Ginger H. Bryan's sex discrimination claim is DISMISSED as time-barred. All claims not time-barred are DISMISSED without prejudice to refile. The Clerk of Court is DIRECTED to close this case.

SO ORDERED.

This, the 24 day of November, 2015.

_____
JAMES C. FOX
Senior United States District Judge